UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELIAKIM BROWN, on behalf
of himself and others similarly situated,

        Plaintiff,

v.

ENHANCE HEALTH LLC,
ENHANCE ACA PLUS LLC,
NET HEALTH AFFILIATES, INC.,
MATTHEW HERMAN, and
BRUCE GOLDBERG,

        Defendants.

_____/

## COMPLAINT
### (COLLECTIVE ACTION)

Plaintiff Eliakim Brown, individually, on behalf of himself and others similarly situated, sues Defendants Enhance Health LLC, Enhance ACA Plus LLC, Net Health Affiliates, Inc., Matthew Herman, and Bruce Goldberg, and allege the following:

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction as the claim is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 216(b).

3.      This Court has personal jurisdiction because, among other things, Defendants have operated, conducted, engaged in, or carried on a business or business venture in Florida, and Defendants have engaged in substantial and not isolated activity within Florida.  *See generally* Fla. Stat. § 48.193.

4.      Pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 89(c), venue is proper in this Court because Defendants reside in Florida, Defendants reside in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the cause of action occurred in the Southern District of Florida.  The Broward Division is the proper division within the Southern District of Florida for this action.

<u>**PARTIES**</u>

5.      Plaintiff Eliakim Brown is a resident of Miami-Dade County, Florida.

6.      Defendant Enhance Health LLC is a Delaware limited liability company that is registered to do business in the State of Florida, has engaged in business in the State of Florida, and has an office located in Broward County, Florida.

7.      Defendant Enhance ACA Plus LLC is a Delaware limited liability company that is registered to do business in the State of Florida, has engaged in business in the State of Florida, and has an office located in Broward County, Florida.

8.      Defendant Net Health Affiliates, Inc., if a Florida corporation, has engaged in business in the State of Florida, and has an office located in Miami-Dade County, Florida.

9.      Based on information and belief, Defendant Matthew Herman is an owner of Defendant Enhance Health LLC and Defendant Enhance ACA Plus LLC with operational control of the companies' covered enterprise, including exercising the

authority to:   (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations.

10.      Based on information and belief, Defendant Bruce Goldberg an owner of Net Health Affiliates, Inc., with operational control of the corporation's covered enterprise, including exercising the authority to:   (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations.

11.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

12.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13.      At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14.      At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.      At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16.      Based on information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum in 2022, 2023, 2024, and 2025.

17.      At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

18.      At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

KIM VAUGHAN LERNER LLP

19.     The additional persons who may become plaintiffs in this action are/were hourly plus commission paid employees of Defendants, who held similar positions to Plaintiffs, and who worked in excess of forty hours during one or more work weeks during the relevant time periods but who did not receive proper pay at one-and-one-half times their regular rate for their hours worked in excess of forty hours.

20.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## GENERAL ALLEGATIONS

21.     Plaintiff worked for Defendants from April 2022 through April 2024 under the job title of "Health Insurance Agent."

22.     As is the case with Plaintiff, Defendants often onboarded new hires directly and later moved to share joint employment with a downline partner entity.

23.     Plaintiff variously worked with Net Health Affiliates, Enhance ACA Plus LLC, and Enhance Health LLC.

24.     However, at all material times, Defendants were Plaintiff's direct employer, joint employer, and/or co-employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d).  By way of example:

a.      Defendants together had to the power to hire and fire Plaintiff.

b.      Defendants together supervised and controlled Plaintiff's work schedules and conditions of employment.  For example, Defendants would set and adjust at their discretion the number of hours worked per day, the number of days worked per week, and the minimum number of insurance policies that had to be sold.

c.      Defendants together determined the rate and method of payment. For example, through an e-mail jointly issued by Defendants, they purported to clarify

what is and is not eligible as a commission or production bonus.  And Defendants together maintained employment records, including through the use of one single human resources office or department.

25.     The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers...." 29 U.S.C. §202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers.  29 U.S.C. §§206(a) and 207(a).  It requires minimum wage and overtime pay for certain non-exempt employees.  29 U.S.C. § 213.

26.     The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one-and-one-half times their regular rate of pay for any hours over forty worked in a week.  29 U.S.C. § 207(a)(1).  Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant action, and Defendants have treated Plaintiff and all health insurance agents as non-exempt employees.

27.     Overtime pay that is due must be computed on the basis of the "regular rate."

28.     The "regular rate" is calculated by dividing the total pay in any workweek by the total number of hours actually worked.  The "regular rate" then is multiplied by 1.5 to establish the overtime rate that employees must be paid for all hours worked in excess of forty hours in that particular week.

29.     Defendants have maintained a scheme to avoid their obligations to pay commissions, overtime wages, and other non-discretionary compensation to their non-

exempt employees to artificially reduce labor costs and maximize profits at the expense of their employees.  This included the following:

     a.    Defendants failed to account for all hours worked by Plaintiff, and those similarly situated, and failed include commissions and other non-discretionary income received (e.g., production bonuses) by Plaintiff, and those similarly situated, in calculating the regular rate of pay for Plaintiffs, and those similarly situated.

     b.    Defendants required Plaintiff, and those similarly situated, to work more than forty hours a week by having Plaintiff, and those similarly situated, to not record hours worked or to work "off the clock."

     c.    At a certain point, Defendants proceeded to misclassify Plaintiff, and those similarly situated, from an employee to an "independent contractor."  Plaintiff was an employee as evidenced by the fact that nothing changed from when he was hired as an employee and then misclassified as an independent contractor.  Defendants initially trained Plaintiff, set the hours for reporting to work, set the amount of compensation to be paid, provided Plaintiff all of the tools necessary to perform the work, required Plaintiff to adhere to Defendants' written policies and procedures for performing the work (including through the use of carefully crafted scripts to use during telephone calls), conducted all of the marketing, and provided all of the customers and potential customers.

30.    From at least 2022 and continuing at least through April 2024, Defendants failed to compensate Plaintiff for all hours worked.  This includes and is not limited to compensating Plaintiff at the rate of one-half times and one-and-one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in a work week.  Plaintiff should

be compensated at the rate one-and-one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty hours per week as required by the FLSA.

31.     Defendants have violated 29 U.S.C. § 207 from at least 2022 and continuing to date, in that:

a.     Plaintiff and other similarly situated employees worked in excess of forty hours per week for the period of employment with Defendants;

b.     No payments, and provisions for payment, have been made by Defendants to compensate Plaintiff and other similarly situated employees at the statutory rate of one-and-one-half times the proper regular rate for those hours worked in excess of forty hours per work week as provided by the FLSA; and

c.     Defendants failed to maintain proper time records as mandated by the FLSA.

32.     A consent to sue for Plaintiff is attached as Exhibit 1.

33.     Plaintiff has retained the undersigned law firms to represent Plaintiff in the action and have agreed to pay the firms a reasonable fee for their services.

**COUNT I:**
**RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS**

34.     Plaintiff restates and realleges paragraphs 1 through 33 as if fully set forth herein.

35.     During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of the forty hours per week for which Plaintiff was not compensated at the statutory rate of time and one-and-one-half times Plaintiff's proper regular rate of pay.

36.     Plaintiff was entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's full and proper regular rate of pay for those hours worked in excess of forty hours.

37.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

38.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-and-one-half times Plaintiff's proper regular rate of pay for the hours worked in excess of forty hours per weeks when they knew, or should have known, such was, and is due.

39.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

40.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty hours per week, plus liquidated damages.

41.     Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54.

42.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked and for the payment at a lower rate of compensation for all overtime hours worked.

43.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff (and those similarly situated) with more than forty or more hours in a work week, Defendants failed to properly pay Plaintiff, and those similarly situated to them, overtime wages at one-and-one half their proper regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants;

a.     Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty hours per work week;

c.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54;

e.     Awarding Plaintiff pre-judgment interest (if liquidated damages are not awarded) and post-judgment interest; and

f.     Ordering such other and further relief as the circumstances and law require and/or provide.

## <u>JURY DEMAND</u>

Plaintiff demand a jury trial for all issues so triable.

Dated:  April 24, 2025                    Respectfully submitted,

By: _/s/ Brian L. Lerner_____
Brian L. Lerner (Fla. Bar No. 177202)
blerner@kvllaw.com
Kim Vaughan Lerner LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, Florida 33316
Telephone:   (954) 527-1115
Facsimile:   (954) 527-1116
Attorneys for Plaintiff

and

Giselle Gutierrez (Fla. Bar No. 100254)
Giselle@ExG-Law.com
Exhibit G Law Firm
1825 Ponce De Leon Boulevard #302
Coral Gables, Florida 33134
Telephone:   (305) 340-7066
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: _/s/ Brian L. Lerner_____

## SERVICE LIST

Enhance Health LLC
c/o Corporation Service Company
(as registered agent)
1201 Hays Street
Tallahassee, FL 32301-2525
Via Original Service of Process

Net Health Affiliates, Inc.
c/o Bruce Goldberg (as registered agent)
20533 Biscayne Boulevard #437
Aventura, FL 33180
Via Original Service of Process

Bruce Goldberg
20533 Biscayne Boulevard #437
Aventura, FL 33180
Via Original Service of Process

Enhance ACA Plus LLC
c/o Corporation Service Company
(as registered agent)
1201 Hays Street
Tallahassee, FL 32301-2525
Via Original Service of Process

Matthew Herman
1550 Sawgrass Corporate Parkway
Sunrise, FL 33323
Via Original Service of Process